# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| BUDDY RAWLINSON individually and on behalf of all others similarly situated, | DOCKET NO. 5:21-cv-01032 |
| vs. | JURY TRIAL DEMANDED |
| OVINTIV USA, INC. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Plaintiff Buddy Rawlinson brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Ovintiv USA, Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Ovintiv employs oilfield personnel, like Rawlinson, to carry out its work.

3.      Rawlinson, and the other workers like him, typically worked 12-15 hour shifts and regularly worked more than 60 hours per week.

4.      But Ovintiv does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, Ovintiv pays these workers a day-rate and improperly classified them as independent contractors.

6.      This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to the claim occurred in this District.

9.　　Rawlinson performed work-related tasks for Ovintiv in this District in Wilson and Karnes Counties.

## PARTIES

10.　　From approximately March 2019 until July 2019, Rawlinson worked for Ovintiv as a Drilling Manager.

11.　　Throughout his employment with Ovintiv, he was misclassified as an independent contractor and paid a day-rate with no overtime compensation.

12.　　His consent to be a party Plaintiff is attached as Exhibit A.

13.　　Rawlinson brings this action on behalf of himself and other similarly situated workers who were paid by Ovintiv's day-rate system.

14.　　Ovintiv paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

15.　　The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All oilfield workers who worked for, or on behalf of, Ovintiv Inc. during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime.**[1] (the "Putative Class Members").

16.　　Rawlinson seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

17.　　Ovintiv USA Inc. may be served through its registered agent: Corporation Service Company, 211 7th Street, Suite 620, Austin, Texas 78701.

---

[1] Plaintiff's proposed class specifically excludes any safety consultants classified as independent contractors who were included in the class conditionally certified by the District Court of Colorado in the matter of *Buffington, et. al.  v. Ovintiv Inc., et. al.,* Civ. A. No. 20-cv-02477-RM-STV, ECF 38 (D. Colo. July 16, 2021).

## Coverage under the FLSA

18.     At all times hereinafter mentioned, Ovintiv has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all times hereinafter mentioned, Ovintiv has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     At all times hereinafter mentioned, Ovintiv has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

21.     Rawlinson and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

22.     Ovintiv's misclassification of Rawlinson and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of the FLSA.

## Facts

23.     Ovintiv is a multinational oil and gas company operating throughout the United States and in Texas.

24.     In order to make the goods and provide the services it markets to its customers, Ovintiv employs oilfield personnel like Rawlinson and the Putative Class Members.

25.     These oilfield workers carry out the hands-on, day-to-day production work of Ovintiv.

26.     Oilfield employees are an integral part of Ovintiv's business operations.

27.     No advanced degree is required to become an oilfield employee. In fact, Ovintiv regularly hires employees who only have a high-school diploma (or less).

28.     For example, Rawlinson did not have any advanced degree.

29.     Ovintiv employees apply well-established techniques and procedures.

30.     Employees are not permitted to deviate from established quality standards.

31.     These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

32.     Ovintiv paid Rawlinson and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

33.     Rawlinson worked for Ovintiv from approximately January 2018 until November 2019 as a Drilling Manager.

34.     Rawlinson would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan.

35.     Rawlinson was paid on a day-rate basis throughout his employment with Ovintiv.

36.     Rawlinson and the Putative Class Members were not paid a salary.

37.     Ovintiv typically scheduled Rawlinson to work 12-14 hour shifts, for as many as 7 days a week.

38.     Rawlinson regularly worked well in excess of 40 hours in a workweek.

39.     But Ovintiv did not pay Rawlinson overtime.

40.     The work Rawlinson performed was an essential part of producing Ovintiv's core products and/or services.

41.     During Rawlinson's employment with Ovintiv, Ovintiv exercised control over all aspects of Rawlinson's job.

42.     Rawlinson did not make any substantial investment in order to perform the work Ovintiv required of him.

43.     Ovintiv determined Rawlinson' opportunity for profit and loss.

44.     Rawlinson' earning opportunity was based on the number of days Ovintiv scheduled him to work.

45.     Rawlinson was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform his job duties.

46.     Rawlinson was not employed by Ovintiv on a project-by-project basis, but rather on a consistent basis.

47.     While Rawlinson was classified as an independent contractor, he was regularly on call for Ovintiv and was expected to drop everything and work whenever needed.

48.     Ovintiv controlled all the significant or meaningful aspects of the job duties performed by Rawlinson.

49.     Ovintiv controlled the hours and locations Rawlinson worked, the tools he used, and the rates of pay he received.

50.     Even when Rawlinson worked away from Ovintiv's offices without the presence of a direct Ovintiv supervisor, Ovintiv still controlled all aspects of Rawlinson' job activities by enforcing mandatory compliance with Ovintiv's policies and procedures.

51.     More often than not, Rawlinson utilized equipment provided by Ovintiv to perform his job duties.

52.     Rawlinson did not provide the equipment he worked with on a daily basis.

53.     Ovintiv made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Rawlinson worked in.

54.     Rawlinson did not incur operating expenses like rent, payroll, marketing, and insurance.

55.     Rawlinson was economically dependent on Ovintiv during his employment.

56.     Ovintiv set Rawlinson's rates of pay, his work schedule, and prohibited him (formally or practically) from working other jobs for other companies while they were working on jobs for Ovintiv.

57.     Very little skill, training, or initiative, in terms of independent business initiative, was required of Rawlinson to perform his job duties.

58.     Indeed, the daily and weekly activities of Rawlinson and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Ovintiv.

59.     Virtually every job function performed by Rawlinson and the Putative Class Members was pre-determined by Ovintiv, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

60.     Rawlinson and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

61.     Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to oil and gas operations in the field.

62.     Rawlinson performed routine manual and technical job duties that were largely dictated by Ovintiv.

63.     All of the Putative Class Members perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

64.     The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

65.     The Putative Class Members regularly worked in excess of 40 hours each week.

66.     Like Rawlinson, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

67.     Ovintiv did not pay Rawlinson on a salary basis.

68.     Ovintiv did not pay the Putative Class Members on a salary basis.

69.     Ovintiv paid Rawlinson on a day-rate basis.

70.     Ovintiv paid the Putative Class Members on a day-rate basis.

71.     Ovintiv failed to pay Rawlinson overtime for hours worked in excess of 40 hours in a single workweek.

72.     Ovintiv failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

73.     Ovintiv knew, or acted with reckless disregard for whether, Rawlinson and the Putative Class Members were misclassified as independent contractors.

74.     Ovintiv classifies other workers who perform substantially similar work, under similar conditions, as employees.

75.     Ovintiv's policy of failing to pay Rawlinson and the Putative Class Members overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

76.     Ovintiv's day-rate system violates the FLSA because Rawlinson and the other day-rate workers classified as independent contractors did not receive any pay for hours worked over 40 hours each week.

77.     Because Rawlinson and the Putative Class Members were misclassified as independent contractors by Ovintiv, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

78.     Rawlinson and the Class Members worked for Ovintiv as employees over the past three years across the United States.

79.     As a result of Ovintiv's pay policies, Rawlinson and the Class Members were denied the overtime pay required by federal law.

80.     Ovintiv keeps accurate records of the hours, or at least days, its employees work.

81.     It also keeps accurate records of the amount of pay employees receive.

82.     Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Ovintiv does not pay them overtime.

## FLSA VIOLATIONS

83.     Rawlinson incorporates the preceding paragraphs by reference.

84.     As set forth herein, Ovintiv violated the FLSA by failing to pay Rawlinson and the Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

85.     At all relevant times, Ovintiv has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

86.     Ovintiv employed Rawlinson and each member of the Class.

87.     Ovintiv's pay policy denied Rawlinson and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

88.     Ovintiv owes Rawlinson and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

89.     Ovintiv knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Rawlinson and the Class Members is willful.

90.     Due to Ovintiv's FLSA violations, Rawlinson and the Class Members are entitled to recover from Ovintiv for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

91.     The improper pay practices at issue were part of a continuing course of conduct, entitling Rawlinson and Class Members to recover for all such violations, regardless of the date they occurred.

## COLLECTIVE ACTION ALLEGATIONS

92. The illegal pay practices Ovintiv imposed on Rawlinson were likewise imposed on the Putative Class Members.

93. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

94. Numerous other individuals who worked with Rawlinson were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

95. Based on his experiences and tenure with Ovintiv, Rawlinson is aware that Ovintiv's illegal practices were imposed on other Putative Class Members.

96. The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

97. Ovintiv's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

98. Rawlinson' experiences are therefore typical of the experiences of the Putative Class Members.

99. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

100. Rawlinson has no interest contrary to, or in conflict with, the Putative Class Members.

101. Like each Putative Class Member, Rawlinson has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

102. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

103.    Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and Ovintiv will reap the unjust benefits of violating the FLSA.

104.    Furthermore, even if some of the Putative Class Members could afford individual litigation against Ovintiv, it would be unduly burdensome to the judicial system.

105.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

106.    The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether Ovintiv employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA;

    b.    Whether the Putative Class Members were improperly misclassified as independent contractors;

    c.    Whether Ovintiv's decision to classify the members of the Class as independent contractors was made in good faith;

    d.    Whether Ovintiv's decision to not pay time and a half for overtime to the members of the Putative Class was made in good faith;

    e.    Whether Ovintiv's violation of the FLSA was willful; and

    f.    Whether Ovintiv's illegal pay practices were applied to the Putative Class Members.

107.    Rawlinson and the Putative Class Members sustained damages arising out of Ovintiv's illegal and uniform employment policy.

108.    Rawlinson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

109.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

110.    Rawlinson demands a trial by jury.

## RELIEF SOUGHT

111.    WHEREFORE, Rawlinson prays for judgment against Ovintiv as follows:

    a.    An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    For an Order appointing Rawlinson and his counsel to represent the interests of the FLSA Class;

    c.    For an Order finding Ovintiv liable to Rawlinson and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

    d.    For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _/s/ Michael A. Josephson_
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, P.L.L.C.**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**